time for filing the bill of exceptions in the cause above entitled be again extended to the 19th day of July, A. D. 1915," and the order of court entered thereon. The law is very clear that such a stipulation empowers the court to extend the time for presenting a bill of exceptions, even where it is entered into after the time has expired. (*Hawes v. People,* 129 Ill. 123; *Loeff v. Taussig,* 102 Ill. App. 398.)

In *Evans v. Fisher, supra,* the court went so far as to recognize an oral agreement by the parties in regard to the settlement of a bill of exceptions after the term had expired, and no order had been entered, although the making of the agreement itself was disputed.

For the reasons above given we are of the opinion that the bill of exceptions in this case was presented and filed in apt time. The motion will, therefore, be denied.

*Motion denied.*

---

**J. C. Pennoyer Company, Defendant in Error, v. Eugene Wendnagel and William Wendnagel, trading as Wendnagel & Company, Plaintiffs in Error.**

**Gen. No. 20,298.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1915. Reversed and remanded. Opinion filed April 12, 1916.

### Statement of the Case.

Action by J. C. Pennoyer Company, a corporation, plaintiff, against Eugene Wendnagel and William Wendnagel, copartners, trading as Wendnagel & Company, defendants, to recover seventy-five dollars for services rendered.

The case was tried by the court without a jury, and judgment was entered in favor of plaintiff for the amount claimed, from which defendants bring error.

The evidence showed that in October, 1912, plaintiff was under contract with the South Halsted Street Iron Works to haul a steel girder from the latter's place of business, located on South Halsted street, to the Alaska Theater, located on 31st street. To do this work it required twelve horses and five men. On the morning of October 1, 1912, plaintiff's men and horses went to the South Halsted Street Iron Works to load the girder. When they arrived there they found a Mr. Carter, who was in the employ of the defendants. The girder was loaded on a wagon and taken to the Alaska Theater, but on account of some obstruction in the alley near the theater, plaintiff was unable to deliver the girder at the place desired. Plaintiff's men, after waiting a reasonable time, informed Mr. Carter, who had accompanied them to the theater, that they could not allow their teams and men to wait any longer; that unless the girder was unloaded at once, plaintiff would charge twenty-five dollars per hour for any further delay. Thereupon Carter went to a nearby telephone, and shortly afterwards returned and told the plaintiff's men if they would wait until the girder could be delivered at the proper place, they would be paid for such delay. Plaintiff's men waited for three hours before they could deliver the girder, and this suit was brought to recover for the three hours' delay at twenty-five dollars per hour.

One of the defendants testified that Mr. Carter was in their employ; that he was primarily an estimator on steel contracts; that he lived near the Alaska Theater, and that he was instructed to go to the theater three mornings each week and inspect the work and see how it was getting along. The witness further testified that Carter was not authorized by the defendants

to make any agreement with the plaintiff's men in their behalf.

ADAMS, CREWS, BOBB & WESCOTT, for plaintiffs in error.

BOYLE & MOTT, for defendant in error.

MR. JUSTICE O'CONNOR delivered the opinion of the court.

### Abstract of the Decision.

CONTRACTS, § 387*—*when evidence insufficient to sustain recovery.* Evidence in action to recover for services alleged to have been performed under contract, examined and *held* insufficient to support verdict.

---

### Philip Henrici Company, Appellant, v. Carrie Alexander et al., Appellees.

### Gen. No. 20,934.

1. CONSPIRACY, § 14*—*when evidence insufficient to show illegal boycotting.* On a bill to enjoin defendants from unlawfully conspiring to boycott complainant's business, evidence examined and *held* not to show an illegal act on defendant's part.

2. CONSPIRACY, § 8*—*when distribution of printed matter not illegal.* On a bill to enjoin defendants from printing or publishing any printed matter calling attention to the fact that complainant's business is unfair and not unionized or that a strike is on, *held* that the distribution of a publication purporting to give information regarding the strike and of printed matter stating that complainant was unfair was not illegal.

3. CONSPIRACY, § 14*—*when evidence insufficient to show conspiracy beyond reasonable doubt.* On a bill and cross-bill, each alleging a conspiracy to injure business, evidence examined and *held* insufficient to establish a conspiracy beyond a reasonable doubt, as required by law.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.